IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JOHN KANAKIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 14-1011 |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this _15th_ day of September, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on February 6 and 25, 2013, respectively, alleging disability beginning on November 7, 2012, due to chronic back pain and arthritis. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on May 1, 2014, at which plaintiff appeared and testified while represented by counsel. On June 6, 2014, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 16, 2014, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 47 years old on his alleged onset date, and is classified a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a truck driver, construction worker, concrete finisher and cook, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine with chronic back pain, asthma, sleep apnea, obesity and depression; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform

sedentary work with a sit/stand option. In addition, plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs, but he is precluded from climbing ropes and scaffolds. Plaintiff is restricted from working in areas of concentrated fumes, odors, gases, temperature extremes or other similar environmental irritants. In addition, he is unable to work at unprotected heights, around dangerous machinery or around other similar workplace hazards. Plaintiff also is limited to low stress work that requires only routine, repetitive tasks, occasional judgment and decision making and occasional workplace changes. Finally, plaintiff is restricted to only occasional interaction with the public, co-workers and supervisors (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an addresser clerk, ticket checker and document preparer clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3)

if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly weigh certain medical opinions; (2) the RFC Finding does not account for all of plaintiff's limitations; (3) the hypothetical question posed to the vocational expert was incomplete; and (4) the ALJ did not properly evaluate plaintiff's credibility. For reasons explained below, each of these arguments is without merit.

Plaintiff first argues that the ALJ failed to properly weigh the medical opinions issued by Dr. Lawrence Ferlan, who was his primary care physician, and Dr. Clifford Vogan, who performed a consultative physical evaluation. According to plaintiff, the ALJ should have given their respective opinions controlling weight.

Dr. Ferlan completed a physical capacity evaluation form report on which he indicated that plaintiff only could sit for two hours and stand for one hour in an eight hour workday, and he would need to lie down three hours during the workday. (R. 323-24). Dr. Ferlan also indicated that plaintiff would need to either leave work early or miss work ten days per month. (R. 325). The ALJ gave did not give much weight to Dr. Ferlan's assessment because he found it was inconsistent with his own treatment records. (R. 21).

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Under this standard, the ALJ properly determined that Dr. Ferlan's opinion was entitled to little weight.

As the ALJ explained, Dr. Ferlan's restrictive assessment of plaintiff's physical capabilities, his opinion that plaintiff purportedly needs to lie down three hours during an eight-hour workday and his prediction that plaintiff would need to leave early or miss work ten days per month are inconsistent with his treatment records. Contrary to Dr. Ferlan's opinion on the form report, his treatment records during the relevant time period do not support such extreme physical functional limitations. In early January 2013, Dr. Ferlan reported that plaintiff had some pain with range of motion, but it was not severe. (R. 265). Dr. Ferlan prescribed physical therapy and advised plaintiff to reduce his weight. (R. 265). By the end of January 2013, Dr. Ferlan noted that plaintiff had more mobility in his back, he was able to bend over fairly well and there was no evidence of severe pain or spasm. (R. 264). In April 2013, Dr. Ferlan indicated that plaintiff's back was improving slowly and "[h]e feels fine." (R. 294). Dr. Ferlan's physical examination of plaintiff showed good back range of motion with only mild tenderness. (R. 294). Nothing in Dr. Ferlan's treatment notes supports his subsequent opinion that plaintiff must lie down for three hours during the workday or that he will need to leave work early of miss ten days per month. Accordingly, the court finds no error in the ALJ's consideration and weighing of Dr. Ferlan's opinion.

Likewise, the ALJ properly evaluated and weighed the opinion issued by Dr. Vogan, who, after performing a one-time consultative physical examination of plaintiff, concluded that he only could sit, stand and walk a total of two hours each during an eight-hour workday. (R. 307). The ALJ found that Dr. Vogan's opinion overestimated plaintiff's limitations and appeared to be based

primarily on plaintiff's own subjective complaints, (R. 21), which, for reasons explained below, the ALJ determined were not entirely credible. The court finds no error in this conclusion because Dr. Vogan did not cite any medical or clinical findings to support his restrictive assessment of plaintiff's physical capabilities despite having been asked to provide such information on the form report he completed. (R. 307). Further, as the ALJ noted, Dr. Vogan's assessment was contradicted by medical records from Dr. Edward Reidy, an orthopedic specialist with whom plaintiff treated. (R. 21). Dr. Reidy found that plaintiff had "pretty good" range of motion in the lumbar spine and no weakness in the lower extremities. (R. 351).

After reviewing the record, the court concludes that the ALJ fully considered and properly weighed the opinions issued by Dr. Ferlan and Dr. Vogan, and explained why they were entitled to little weight. Despite affording little weight to their restrictive assessments, the ALJ carefully formulated the RFC Finding to give plaintiff the benefit of the doubt and account for his physical limitations supported by the record.[2]

Plaintiff next argues that the RFC Finding does not account for Dr. Ferlan's and Dr. Vogan's opinion that plaintiff is unable to complete an 8-hour workday. As already explained, the ALJ properly gave the opinion of Dr. Ferlan and Dr. Vogan little weight, thus the ALJ was not required to include in the RFC Finding any unsubstantiated limitations they identified. However, although the ALJ disagreed with the opinions proffered by Dr. Ferlan and Dr. Vogan, he nonetheless gave plaintiff the benefit of the doubt in crafting the RFC Finding by sharply limiting plaintiff to accommodate his back impairment.

---

[2]The RFC Finding accommodated plaintiff's physical functional limitations by restricting him to sedentary work with a sit/stand option, only occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs, and no climbing ropes and scaffolds. The RFC Finding also restricted plaintiff from work involving exposure to environmental irritants, unprotected heights, dangerous machinery or other similar workplace hazards.

Plaintiff also argues that the ALJ's hypothetical question to the vocational expert was incomplete because it did not accommodate his claimed need to lie down during the work day and the possibility that he would miss numerous work days each month. As discussed above, the ALJ properly discounted these aspects of Dr. Ferlan's and Dr. Vogan's assessment, thus there was no need for the ALJ to include any such restrictions in the hypothetical question.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations resulting from his impairments that were supported by the evidence of record, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

Plaintiff's final argument - that the ALJ did not properly evaluate his credibility concerning his subjective complaints of pain - also is without merit. As required by the Regulations, the ALJ evaluated plaintiff's credibility by considering all of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, his activities of daily living, the medical evidence of record, the extent of plaintiff's treatment and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his pain and limitations was not entirely credible. (R. 19). This court finds that the ALJ adequately explained

the basis for her credibility determination, (R. 18-21), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Christine M. Nebel, Esq.
220 South Main Street
Suite D
Butler, PA 16001

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219